UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |
|---|---|
| **Samantha Fearrington,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **COMPLAINT**<br>) **CIVIL ACTION NO.: 1:16-CV-913**<br>) |
| **Indiana University Health, Inc., d/b/a**<br>**Clarian Health Partners,** | )<br>)<br>) |
| Defendant. | )<br>) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT

Plaintiff, Samantha Fearrington, by counsel, files this Complaint Seeking Damages for Violations of the Fair Credit Reporting Act in the above-captioned action, and hereby states as follows:

### Introduction

1. This case is an action for actual, statutory, and punitive damages, legal fees and costs pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681a *et seq*. (hereinafter referred to as the "FCRA"). In this action, the Plaintiff seeks money damages as provided under the Act as a result of Defendant's conduct.

2. The purpose of the FCRA is to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit in a manner which is fair and equitable, and with regard to the *confidentiality*, accuracy, and proper utilization of such information. Id. (emphasis added).

### Parties, Jurisdiction and Venue

3. Plaintiff, Samantha Fearrington, is a citizen of the State of Indiana and a resident of Indianapolis. At all relevant times, she was over the age of 21 years.

4. Defendant, Indiana University Health, Inc., d/b/a Clarian Health Partners, (hereinafter referred to as "Defendant"), is a corporation doing business in the State of Indiana.

5. Defendant is a "person" as that term is defined under 15 U.S.C. § 1681a(b).

6. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. §§ 1681p, Venue is proper in this Court pursuant to 15 U.S.C. §§ 1391(b).

7. Defendant conducts business in this judicial district.

8. Plaintiff resides in this judicial district.

9. The acts and transactions alleged herein occurred in this judicial district.

## Factual Allegations

10. Plaintiff is a consumer.  *See Affidavit of Plaintiff attached hereto as Exhibit "1".*

11. Plaintiff incurred a debt that was primarily for personal, family or household purposes. *See Affidavit of Plaintiff attached hereto as Exhibit "1".*

12. The debt owed by Plaintiff went into default.

13. Defendant was reporting this debt to various credit reporting agencies.

14. The debt owed by Plaintiff was owed to Defendant.  Specifically, Plaintiff obtained medical services from the Defendant.

15. On or about April 7, 2014, Plaintiff filed for bankruptcy protection under Title 11, Chapter 7, of the United States Code, bankruptcy case number 14-02981-JKC-7. *See Notice of Bankruptcy attached hereto at Exhibit "2".*

16. Plaintiff's bankruptcy petition contained a list of schedules of debts.

17. Defendant was listed on Plaintiff's Schedule F of Plaintiff's bankruptcy petition as one of the alleged creditors of Plaintiff.

18. The Bankruptcy Noticing Center sends notice of the bankruptcy and automatic stay to those entities listed on Plaintiff's bankruptcy petition.  Defendant is one such entity.

19. On April 11, 2014, the Bankruptcy Noticing Center sent Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, to Defendant.  *See Notice attached hereto as Exhibit "2".*

20. Indeed, the Notice was also sent to four (4) separate addresses for the Defendant via regular mail.  *See Exhibit "2" attached hereto.*

21. Plaintiff received an order granting her discharge of her debts on July 29, 2014. *See Order of Discharge attached hereto as Exhibit "3".*

22. Once again, the Bankruptcy Noticing Center sent the Discharge of Debtor to four separate addresses for the Defendant on July 31, 2014.  *See Exhibit "3".*

23. Despite the knowledge of Plaintiff's discharge of her debts, Defendant, through its agent Search America, procured Plaintiff's Experian credit report on August 31, 2014. *See Exhibit "1" attached hereto*.

24. The Defendant never received permission from the Plaintiff to obtain her credit report. *See Plaintiff's Affidavit attached hereto as Exhibit "1"*.

25. The Defendant had no permissible purpose under the Fair Credit Reporting Act, 15 U.S.C. § 1681b, to obtain Plaintiff's credit report.

26. The procuring of Plaintiff's credit report is an action which constitutes an attempt to collect the alleged debt at issue in this matter.

27. Defendant therefore either negligently, if not willfully, procured Plaintiff's credit report without a permissible purpose, making it liable for damages under the FCRA.

### Count I
### Willful Wrongful Procurement
### Of Plaintiff's Credit Report

1. The allegations of Paragraphs 1 through 27 of the complaint are realleged and incorporated herewith by references.

2. Defendant acted knowingly, if not negligently, in requesting and obtaining Plaintiff's credit report without a permissible purpose.

3. Defendant's conduct in knowingly, if not negligently, obtaining Plaintiff's credit report without a permissible purpose violated 15 U.S.C. §1681b(f).

4. Defendant acted willfully, if not negligently, in requesting and obtaining Plaintiff's credit report without a permissible purpose.

5. Defendant's conduct in willfully, if not negligently, obtaining Plaintiff's credit report without a permissible purpose violated 15 U.S.C. §1681b(f)

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A judicial declaration that Defendant's practice of obtaining Plaintiff's credit report violates the FCRA;

2. An award of actual and statutory damages under the FCRA to Plaintiff in an amount to be determined at trial;

3. An award of punitive damages as provided by the FCRA;

4. An award of the costs of bringing this action and reasonable attorney's fees;

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com